# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **CASE NO:  ELH-18-098** |
| **FERNANDO CRISTANCHO,** | |
| **Defendant.** | |

### JOINT MOTION TO EXCLUDE TIME UNDER SPEEDY TRIAL ACT

The United States of America, by its undersigned counsel, hereby moves this Court for an Order concerning the Speedy Trial Act status in this case, specifically to exclude time for purposes of Speedy Trial Act computation, pursuant to 18 U.S.C. § 3161(h)(1), and to make a finding pursuant to 18 U.S.C. § 3161(h)(1) and (7)(A) that time necessary for plea negotiations is a proceeding within the contemplation of the Speedy Trial Act, and that the ends of justice served by continuing the trial date beyond the 70-day period normally required under 18 U.S.C. § 3161(c)(1) outweigh the best interests of the public and the defendant in a speedy trial. In support of this motion, the government states as follows:

1.      On February 21, 2018, a federal grand jury returned an Indictment in the above-captioned matter, charging the defendant with Production of Child Ponrography in violation of 18 U.S.C. § 2251(a).

2.      On August 1, 2018, the defendant had his initial appearance on the indictment.   On the same date, the defendant was arraigned, entered a plea of not guilty.

3.      The parties have signed a discovery agreement, and the discovery process has begun.   The discovery includes digital forensics that can only be viewed at meeting with the government due to contraband files.   Additionally, the remaining discovery is voluminous, thus far exceeding 2,500 pages of documents.

2

4.      On November 28, 2018, during a conference call with the Court, the parties requested that the case be scheduled for trial, and the trial was scheduled for September 23, 2019, for approximately 2 weeks.  The trial date represented the first date that was available for trial for all of the parties and the Court, given the calendars for all of the parties in the case.

5.      Following the conference call, the parties engaged in extensive discovery, and productive negotiations regarding a pretrial resolution.

6.      On April 24, 2019, a federal grand jury returned a Superseding Indictment, charging the defendant with 1 count of Coercion and Enticement, 18 U.S.C. § 2422(b); 8 counts of Production of Child Pornography, 18 U.S.C. § 2251(a); and 3 counts of Possession of Child Pornography, 18 U.S.C. § 2252A(a)(5)(B)Production of Child Ponrography in violation of 18 U.S.C. § 2251(a).

7.      On August 20, 2019, the Court conducted a conference call with the parties, and during the call, counsel for the defendant indicated that he perceived reasonable cause to request a competency evaluation of the defendant.  The trial was removed from the Court's calendar.

8.      On August 23, 2019, counsel for the defendant filed a Motion for a Psychiatric Exam or Psychological Exam and Report to Determine Mental Competency of the Defendant (Doc. 33).  On the same date the Court granted the request and ordered that such an exam be conducted (Doc. 34).

9.      On November 27, 2019, the governemt filed a status report (Doc. 37) regarding the defendant's continued presence at the Chesapeake Detention Facility, and efforts to have the defendant designated to a Bureau of Prisonas facility for examination.

10.      The defendant was designated to the Metropolitan Corectional Center in New York ("MCC New York"), and he arrived there no later than Monday, December 17, 2019.  Counsel

3

expect that the evaluators at MCC New York will sumbit a letter to the Court advising of the defendant's arrival, and asking for 45 days to complete the evaluation (15 additional days pursuant to 18 U.S.C. § 4247(b)) to complete the examination.

11.    No later than January 15, 2020, the Court and the parties received the completed competency evaluation.

12.    On January 21, 2020, the Court conducted a conference call with the parties, and during the call, counsel for the defendant requested additional time for the defendant to be transported back to this district, and for the parties to engage in pretrial plea negoations.  A status conference was scheduled for February 24, 2020, at 4:30 p.m.

13.    Accordingly, the parties seek a tolling of the Speedy Trial clock by the Court for a period from the date of the defendant's initial appearance, on August 1, 2018, through the date of the the status conference, February 24, 2020.

14.    The general rule is that the Speedy Trial clock begins to run with the return of an indictment or the first appearance of the defendant in this district, whichever date is later.  18 U.S.C. § 3161(c)(1).  Therefore, the applicable starting point for the Speedy Trial clock is August 1, 2018.  Section 3161(h)(3)(A) specifically excludes "[a]ny perioed of delay resulting from the absence or unavailability of the defendant …"

15.    Section 3161(h)(1)(A) specifically excludes from the time requirements "any period of delay resulting from other proceedings concerning the defendant … including any examination, to determine the mental competency … of the defendant."

16.    Section 3161(h)(7)(A) excludes from the time requirements "any period of delay resulting from a continuance granted . . . at the request of the defendant or his counsel or at the request of the attorney or the Government, if the judge granted such continuance on the basis of

his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Additionally, "delays resulting from plea negotiations" are excludable as delays "resulting from other proceedings concerning the defendant" within the meaning of § 3161(h)(1). *United States v. Ford*, 288 Fed. App'x 54, 57-58 (4th Cir. 2008) (citing 18 U.S.C. § 3161(h)); *United States v. Bowers*, 834 F.2d 607, 610 (6th Cir. 1987); and *United States v. Montoya*, 827 F.2d 143, 150 (7th Cir. 1987)). *See also*, *United States v. Leftenant*, 341 F.3d 338, 344-45 (4th Cir. 2003) (holding time spent on plea negotiations were excludable as "other proceedings," within the meaning of § 3161(h)(1)) (citing *Bowers* and *Montoya*, among other cases, in support).

17.     The parties respectfully submit that the interests of the defendant and of the public in a trial within the 70 non-excludable days usually set by the Speedy Trial Act are outweighed by the ends of justice served by adequate and complete trial preparation and by a possible pretrial resolution of this matter.

18.     Further, the parties request an order finding that the time from the initial appearance of the defendant on August 1, 2018, through the status conference – February 24, 2020 – during which the parties have conducted plea negotiations and review of discovery, the competency motion was filed and the study was completed – and during which time the parties will continue to engage in plea negotiatoins – is automatically excluded as an "other proceeding[ ] concerning the defendant" within the meaning of 18 U.S.C. § 3161(h)(1), or, in the alternative, grant a continuance pursuant to § 3161(h)(7) and make a finding that the interests of justice are served by excluding that time under the Speedy Trial Act, which interests outweigh the defendant's and the public's interests in a speedy trial.

19.     A proposed Order is attached for the Court's consideration.

Respectfully submitted,

Robert K. Hur
United States Attorney

       /s/

By: _____
Paul E. Budlow
Assistant United States Attorney

       /s/

By: _____
Joseph Murtha
Attorney for the Defendant