## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **CASE NO:  ELH-18-098** |
| **FERNANDO CRISTANCHO,** | |
| **Defendant.** | |

### GOVERNMENT'S OMNIBUS MOTION IN LIMINE

For the reasons set forth below, the United States respectfully moves this Court for an Order (A) prohibiting the defendant Fernando Cristancho, his counsel, and any defense witnesses from asking any question, introducing any evidence, or making any statement regarding the following improper, inadmissible, and/or overly prejudicial matters while the jury is present:

1. Plea negotiations;

2. Motive of the government;

3. Consent of the minor victims;

4. References to potential penalties, including any mandatory minimums or maximum sentences;

and (B):

5. Admit the child pornography that the defendant produced and was in his possession into evidence and to publish those images to the jury in a way that they are not viewable to members of the public who attend the trial; and

6. Rule that the trade inscriptions affixed to the defendant's computer and electronic media are self-authenticating and admissible at trial.

In support, the government states:

1.   Plea Negotiations

This Court should act to preclude the defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding the

occurrence and/or substance of any plea negotiations that may or may not have taken place, as such matters would be highly prejudicial and are not proper concerns for the jury.  See FED. R. EVID. 401, 402 and 403;  *See also generally* FED. R. EVID. 410.

    2.    <u>Purported Motive of the Government</u>

This Court should preclude the defendant, his counsel, and all defense witnesses from using testimony, remarks, tangible evidence, exhibits, questions, or arguments which relate, either directly or indirectly, to any alleged motive of the United States in bringing this prosecution, other than the enforcement of federal statutes.

In Count One, the defendant has been charged with the coercion and enticement of a minor boy to engage in illicit sex acts, the victim being a parishioner at the church where the defendant was a priest.  The defendant is also charged with production of child pornography of 4 additional victims, ranging in age from 6 months to 11 years.  All of the defendant's offenses involve the sexual abuse and exploitation of minors.

Out of an abundance of caution, the government makes this motion to preclude a defense argument of discriminatory or selective prosecution as a result of the defendant's status as a Catholic priest.  The defendant and/or his counsel's opinions regarding why defendant has been charged would be irrelevant to the jury's consideration of the whether the defendant committed these crimes.  To support a claim of selective or discriminatory prosecution, a defendant bears the burden of establishing unconstitutional discrimination in the administration of a penal statute. See *United States v. Oaks*, 527 F.2d 937, 940 (9th Cir. 1975).  In order to establish a prima facie case of selective prosecution, a defendant must show both (1) "that others similarly situated have not been prosecuted," and (2) "that the prosecution is based on an impermissible motive," i.e., discriminatory purpose or intent. *United States v. Bourgeois*, 964 F.2d 935, 938 (9th Cir. 1992)

(*citing United States v. Wayte*, 710 F.2d 1385 (9th Cir. 1983)), aff'd 470 U.S. 598 (1985).  Selective prosecution claims are evaluated according to ordinary equal protection standards. *See Bourgeois*, 964 F.2d at 938.

The defendant cannot point to, nor is there any evidence to suggest, any improper reason or motive for bringing the present charges.  Any mention of any alleged impermissible motive (i.e. a political agenda or race-based discrimination) would be not only speculative and frivolous, but also wholly irrelevant to whether or not the defendant is guilty of coercing and enticing a minor and engaging in the sexual  exploitation of minor victims.  Indeed, any mention of motive or discriminatory purpose would serve no function other than to mislead and confuse the jury, as well as waste this Court's time.  Lastly, if such evidence is heard by the jury, the damage to the United States' case would be irreparable such that a motion to strike or cautionary instructions would be inadequate.

       3.     <u>Consent of the Minor Victims</u>

The defendant is charged in Count One of the Superseding Indictment with Coercion and Enticement, in violation of 18 U.S.C. 2422(b), and in Counts Two through Seven with Production of Child Pornography, in violation of 18 U.S.C. 2251(a).  The victim in Count One, Minor Victim 1,  was 12 during the year when the abuse occurred.  The victims in Counts Two through Seven, Minor Victim 2, Minor Victim 3, Minor Victim 4, and Minor Victim 5, were between 3 months 11 years when the production of child pornography occurred.  Because the victims were all minors at the time of the charged offenses, their "consent," as well as the consent of any parent or guardian, is irrelevant and cannot be a defense to the charges.  *See United States v. Blank*, No. CRIM. WDQ-14-10448, 2015 WL 4041408, at *15 (D. Md. June 30, 2015), aff'd, 659 F. App'x 727 (4th Cir. 2016), *citing United States v. Ballinger*, No. 10–CR–30095 DRH, 2011 WL 797379, at *1 (S.D.Ill.

Feb. 28, 2011) (rejecting consent evidence); *United States v. Rogers*, 587 F.3d 816, 820 (7th Cir. 2009) ("Minors lack the capacity to consent, and so sexual contact with a minor is always "without consent." (quoting *Doe v. Smith*, 470 F.3d 331, 345 (7th Cir. 2006)).  Therefore, the Government respectfully requests that this Court prohibit the defendant from arguing, attempting to argue, introducing, or attempting to introduce evidence.

       4.    <u>References to Potential Penalties, Including any Mandatory Minimums or Maximum Sentences</u>

The government next moves to preclude evidence or argument regarding potential punishment, including any reference to the fact that there is a mandatory minimum term of incarceration for Counts One through Seven.

Such evidence and argument are irrelevant to the issue of a defendant's guilt or innocence. "It has long been the law that it is inappropriate for a jury to consider or be informed of the consequences of their verdict."  *United States v. Frank*, 956 F.2d 872, 879 (9th Cir. 1991); *Shannon v. United States*, 512 U.S. 573, 579 (1994) (providing jurors with information regarding the potential sentence "invites them to ponder matters that are not within their province, distracts them from their fact finding responsibilities, and creates a strong possibility of confusion").  So too here.

Furthermore, such an argument amounts to a call for jury nullification, which is impermissible under Fourth Circuit law.  *United States v. Muse*, 83 F.3d 672, 677 (4th Cir. 1996) (defense counsel is "not entitled to urge the jury" to exercise its jury nullification power).  In *United States v. Summers*, 630 F'Appx. 189, 192 (4th Cir. 2015) (*unpublished*), the Fourth Circuit held that a district court properly excluded as impermissible appeals to jury nullification statements from a defense counsel's closing argument that the "case was a civil, rather than a criminal, matter" and that the case involved "a family matter that should have been handled in a civil suit."

Similarly, in this case, any appeals to the jury's sense of sympathy by discussing the potential penalties involved would bear no logical relation to the law or evidence at play; it would be a mere, bald appeal to jury nullification that is improper under the Fourth Circuit's case law. *Id.*

In this case, it would be improper for the defendant to discuss/mention the penalties, including any mandatory minimums or maximum sentences. Any such arguments are clearly improper efforts to appeal to the jury's sympathy. The Court should preclude such comment or argument at trial.

     5.      <u>Admitting and Showing Child Pornography</u>

This Court should also act to allow the United States to publish the images of child pornography to the jury in a manner that ensures that they are not viewable by the public. Because the defendant's criminal activity involves, *inter alia*, producing images of child pornography and the defendant was found to be in possession of child pornography depicting the victims underlying the charges against him, such evidence is highly probative, not overly prejudicial, and should be admitted and published to the jury. But, because the children depicted in those images are revictimized every time an image depicting their abuse is viewed, this Court should allow the United States to display the child pornography in a way that it is not viewable by members of the public who chose to attend the trial.

     6.      <u>Trade Inscriptions are Self-Authenticating</u>

The government respectfully moves for a pre-trial ruling from the Court that the manufacturing labels/trade inscriptions on the electronic devices containing the charged images and videos are self-authenticating and are admissible pursuant to Federal Rule of Evidence 902(7) and are not inadmissible hearsay. During the trial of this case, the United States will seek to admit several items of computer and electronic media, including a SanDisk Micro SD card, S/N

3041DGPSQ17Y, that was made in China; a Walgreens SD card, S/N BE0829213508D, that was made in China; and an iPhone 6s Al688, IMEI 355769073028319, that was made in China (together, "the devices").  Each of the devices was seized from the defendant's residence and has a label or trade inscription indicating that it was manufactured in a foreign country.  The defendant used the devices, among others, to store the pornography that he produced.  The devices contained, among other things, images and videos of 4 minor victims  engaged in sexually explicit conduct, and form the basis of Counts Two through Seven of the Superseding Indictment.  The defendant has been provided with notice and information regarding these items in discovery.

As part of the proof of the elements of 18 U.S.C. § 2251 (Counts Two through Seven), the government may prove, among other things, that the visual depictions "had been produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer."  Similarly, the possession of child pornography charges under 18 U.S.C. § 2252A(a)(5)(B) require the similar interstate and foreign commerce proof.

To avoid the expense of calling several out-of-state witnesses from the manufacturers of these items and further to streamline the presentation of evidence at trial, the United States will seek to offer this evidence pursuant to F.R.E. 902(7) and F.R.E. 807.

a)  The Inscriptions Are Self-Authenticating Under Rule 902(7).

First, the inscriptions are sufficiently trustworthy to be self-authenticating and fall squarely within Federal Rule of Evidence 902(7).  Ordinarily, evidence must be authenticated by extrinsic evidence as a condition precedent to it being admitted.  Fed. R. Evid. 901(a).  However, Federal Rule of Evidence 902 identifies "items of evidence [that] are self-authenticating; they require no extrinsic evidence of authenticity in order to be admitted."  *See, e.g.*, *Lorraine v.*

*Markel Am. Ins. Co.*, 21 F.R.D. 534, 551-52 (D. Md. 2007).  Of the twelve methods, one category of self-authenticating evidence covers "Trade Inscriptions and the Like."  Fed. R. Evid. 902(7).  This refers to "[a]n inscription, sign, tag, or label purporting to have been affixed in the course of business and indicating origin, ownership, or control."  *Id.*

The exception for origin inscriptions at Fed. R. Evid. 902(7) has been recognized and applied in child pornography cases to admit evidence that materials used to "produce" depictions of sexually explicit conduct were manufactured in another state or country.  *See, e.g.*, *United States v. Foley*, 740 F.3d 1079, 1084 (7th Cir. 2014) (foreign-made hard drives); *United States v. Schene*, 543 F.3d 627, 639 (10th Cir. 2008) (same); *United States v. Ramos*, 685 F.3d 120, 133 (2d Cir. 2012) (foreign-made laptop and hard drive); *United States v. Poulin*, 631 F.3d 17, 2223 (1st Cir. 2011) (foreign-made cameras and DVDs); *United States v. Fox*, 357 F. App'x 64, 66 (9th Cir. 2009) (summary order) (foreign-made cameras); *United States v. Guagliardo*, 278 F.3d 868, 871 (9th Cir. 2002) (foreign-made computer disks).

Of course, Rule 902(7) has been applied more broadly and to other types of goods and inscriptions:  Documents, *see Alexander v. CareSource*, 576 F.3d 551, 561 (6th Cir. 2009) (holding that a document marked with a trade inscription indicating the source of origin of the document was self-authenticated under 902(7)); business letters and emails, *see Lorraine v. Markel Am. Ins. Co.*, 21 F.R.D. at 551-52 (holding business emails containing identifying marks of company are self-authenticated), *Olson v. J.J. Marshall & Assoc.*, No. 5:08–CV–284–KKC, 2009 WL 3347420, 4 (E.D. Ky. Oct. 13, 2009) (holding letters containing business's letterhead were self-authenticating), and *Reitz v. City of Mt. Juliet*, No. 08–cv–0728, 2009 WL 5170200, at *5 (M.D. Tenn. Dec. 18, 2009) (holding letters written on company's letterhead were self-authenticating); firearms, *see United States v. Alvarez*, 972 F.2d 1000, 1004 (9th Cir. 1992),

*overruled on other grounds by Kawashima v. Mukasey*, 530 F.3d 1111, 1116 (9th Cir. 2008) (holding a manufacturer's inscription on a firearm was not subject to the hearsay rule and properly admitted as evidence that it had been manufactured in Spain); markings on the opening frames of a news broadcast, *see L.A. News Serv. v. CBS Broad., Inc.*, 305 F.3d 924, 936 (9th Cir. 2002) (holding that identifying slate that appeared on opening frames of videotape of news footage was self-authenticating under 902(7)); tapes, *see Fenton v. Sterling Plumbing Grp. Inc.*, 21 F.3d 1113, 3 (9th Cir. 1994) (holding tapes that carry company's logo were self-authenticating); and computers, *see ACCO Brands, Inc. v. PC Guardian Anti- Theft Prods.*, 592 F. Supp. 2d 1208, 1219 (N.D. Cal. 2008) (holding label on computers was self-authenticating under Rule 902(7) because label was inscribed with manufacturer's trade name for that make of computer).

Further, in an example from another district court in the Fourth Circuit, in *United States v. Scott*, 13 Cr. 164 RGD, 2014WL2808802 (E.D. Va. June 20, 2014), the district court dealt with the exact issue presented here in a conspiracy to produce child pornography, production of child pornography, and receipt of child pornography case. The prosecution moved *in limine* to admit the trade inscriptions of three electronic devices—two cellular telephones and one memory card—showing that they were manufactured outside the Commonwealth of Virginia. The court granted the motion, finding that the trade inscriptions were self-authenticating and not hearsay. *Id.* at 3-4.

Here, assuming that a proper foundation is laid by the government as to the connection of the electronic devices to the charges in the Superseding Indictment, the labels/trade inscriptions are relevant as to the child pornography counts because the elements require, in part, proof of "interstate or foreign commerce by any means, including by computer." Accordingly, absent a

9

stipulation, to prove the interstate commerce element at trial, the government would have to

subpoena representatives from the various manufacturers of the devices at considerable expense.

And all of this this effort would only be to elicit testimony from the representative that they did

not manufacture the device at issue in the State of Maryland.

          b)  The Inscriptions Are Not Inadmissible Hearsay.

Hearsay is an out-of-court statement offered into evidence to prove the truth of the matter

asserted in the statement . Fed. R. Evid. 801(c).  A statement, in turn, is defined as "a person's

oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion."

Fed. R. Evid. 801(a).  As a general rule, hearsay is not admissible, Fed. R. Evid. 802, although

there are numerous exceptions that allow for the admission of certain types of hearsay, see Fed.

R. Evid. 803-807.  As analyzed by the court in *Lorraine v. Markel Am. Ins. Co.*, "cases involving

electronic evidence often raise the issue of whether electronic writings constitute 'statements'

under Rule 801(a)." 21 F.R.D. at 564.  "Where the writings are non-assertive, or not made by a

'person,' courts have held that they do not constitute hearsay, as they are not 'statements.'"  *Id.*

In *Scott*, the court considered (and relied alternatively on) two lines of authority that have

approved admission of inscriptions—one line that finds such inscriptions are not hearsay at all,

and another that relies on the residual exception to the hearsay rules.  2014 WL 2808802, at *3-4.

This Court should take the same approach here.  Whether considered "circumstantial

evidence" as a "mechanical trace" and therefore not hearsay under the first theory, or as

allowable hearsay under the second theory pursuant to F.R.E. 807 (because the inscriptions to be

introduced here all meet the F.R.E. 807 criteria for the same reasons as set forth in *Scott*), this

Court should admit the origin inscriptions on the devices identified above as evidence to meet

the interstate nexus element for the charged crimes.

## **CONCLUSION**

For the foregoing reasons, this Court should grant the Government's Motion in Limine to exclude references, argument, or defenses related to items (1) through (4), above, and allowing the United States to admit the child pornography in a way to avoid the public's view, and rule that trade inscriptions are self-authenticating and admissible.

Respectfully submitted,

Jonathan K. Lenzner
Acting United States Attorney

By: _____

Paul E. Budlow
Assistant United States Attorney

11