PEB/CM: USAO#2018R00132
JTM 06.15.21

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> v. <br><br> **FERNANDO CRISTANCHO,** <br><br> Defendant. | **CRIMINAL NO. ELH-18-098** <br><br> (Coercion and Enticement, 18 U.S.C. § 2422(b); Sexual Exploitation of a Child, 18 U.S.C. § 2251(a); Possession of Child Pornography, 18 U.S.C. § 2252A(a)(5)(B); Aiding and Abetting, 18 U.S.C. § 2; Forfeiture, 18 U.S.C. §§ 2253 and 2428) |

## SECOND SUPERSEDING INDICTMENT

### General Allegations

The Grand Jury for the District of Maryland charges that:

At all times relevant to this Second Superseding Indictment,

1. Defendant **FERNANDO CRISTANCHO** (hereinafter **"CRISTANCHO"**), was born in 1956 in the Republic of Colombia.

2. **CRISTANCHO** was ordained as a priest in the Roman Catholic Diocese of Istmina-Tado, in the Republic of Colombia.

3. **CRISTANCHO** moved to the United States in or about 1995 and was employed as an assistant priest in a Catholic Church in the Diocese of Arlington, Virginia.

4. **CRISTANCHO** was dismissed from the Diocese of Arlington in or about 1997.

5. In or about 1999, **CRISTANCHO** was granted faculties to work as a priest in the Archdiocese of Baltimore, and he began work as an Associate Pastor in a Catholic Church in Harford County, Maryland.

6. From in or about 1999 through 2017, **CRISTANCHO** lived in Harford County, Maryland.

7. ███████████████████████████████████████████

8. ███████████████████████████████████████████████

███████████████████████████████████

9. ███████████████████████████████████████████████

10. In or about July 2002, **CRISTANCHO** was removed from his position as a priest in Harford County, Maryland, and his faculties to act as a priest were revoked.

11. Following the revocation of his faculties to act as a priest, **CRISTANCHO** continued to host religious services in the homes of parishioners in Harford County, Maryland.

12. A minor male, Minor Victim 1, was a victim of the crimes alleged herein, in Count One. █████████████████████████████████████████

███████████████████████████████

13. ███████████████████████████████████████████████

███████████████████████████████

14. From in or about 2002 through 2003, ████████████████████████████

████████████████████████████████████████████████

**CRISTANCHO** routinely sexually molested Minor Victim 1.

15. ███████████████████████████████████████████████

████████████████████

16. ███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████

17. A minor male, "Minor Victim 2," was a victim of the crimes alleged herein, in Count Three. ████████████████████████████████████████

2

███████████████████████████████████████████████████████████████████

███

18. A minor female, "Minor Victim 3," was a victim of the crimes alleged herein, in Count Three. ████████████████████████████

████████████████████████████████████████████████████████████

19. A minor female, "Minor Victim 4," was a victim of the crimes alleged herein, in Count Two. ████████████████████████████████

████████████████████████████████████████████████████████████

20. A minor male, "Minor Victim 5," was a victim of the crimes alleged herein, in Counts Four, Five, Six and Seven. ████████████████████████

████████████████████████████████████████████████████████

████████████████████████

## COUNT ONE
(Coercion and Enticement)

1.  Paragraphs One through Fourteen of the General Allegations are realleged and specifically incorporated herein.

2.  From on or about August 2002 through on or about January 2004, in the District of Maryland and elsewhere, the defendant,

**FERNANDO CRISTANCHO,**

using any facility and means of interstate and foreign commerce, knowingly attempted to and did persuade, induce, entice, and coerce Minor Victim 1, who had not attained the age of 18 years, to engage in any sexual activity for which any person can be charged with a criminal offense.

18 U.S.C. §§ 2422(b), 2427
18 U.S.C. § 2

## COUNT TWO
(Sexual Exploitation of a Child)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs One through Eleven, Fifteen, Sixteen, and Nineteen of the General Allegations are realleged and specifically incorporated herein.

2. On or about January 18, 2012, in the District of Maryland, the defendant,

**FERNANDO CRISTANCHO,**

did knowingly employ, use, persuade, induce, entice and coerce a minor female to engage in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2), for the purpose of producing visual depictions of such conduct, and said visual depictions were produced using materials that were mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, that is, a series of eight (8) image files, which depict Minor Victim 4, a prepubescent minor female, naked and partially naked, one of which is focused on Minor Victim 4's exposed genitals, said image files having been stored on a SanDisk Micro SD card, S/N 3041DGPSQ17Y, a product of China.

18 U.S.C. § 2251(a)
18 U.S.C. § 2

**COUNT THREE**
(Sexual Exploitation of a Child)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs One through Eleven and Seventeen and Eighteen of the General Allegations are realleged and specifically incorporated herein.

2. On or about December 27, 2012, in the District of Maryland, the defendant,

**FERNANDO CRISTANCHO**

did knowingly employ, use, persuade, induce, entice and coerce a minor male and a minor female to engage in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2), for the purpose of producing visual depictions of such conduct, and said visual depictions were produced using materials that were mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, that is, a series of 15 image files, which depict Minor Victim 2, a minor male, and Minor Victim 3, a minor female, naked and partially naked, two of which are focused on Minor Victim 2's exposed genitals, and one of which is focused on Minor Victim 3's exposed genitals, said image files having been stored on a Walgreens SD card, S/N BE0829213508D, a product of China.

18 U.S.C. §§ 2251(a)
18 U.S.C. § 2

## COUNT FOUR
(Sexual Exploitation of a Child)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs One through Eleven, Fifteen, Sixteen, and Twenty of the General Allegations are realleged and specifically incorporated herein.

2. On or about March 10, 2015, in the District of Maryland, the defendant,

**FERNANDO CRISTANCHO,**

did knowingly employ, use, persuade, induce, entice and coerce a minor male to engage in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2), for the purpose of producing visual depictions of such conduct, and said visual depictions were produced using materials that were mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, that is, a series of four (4) image files, which depict Minor Victim 5, a prepubescent minor male, naked and partially naked, at least one of which is focused on Minor Victim 5's exposed genitals, said image files having been stored on an iPhone 6s Al688, IMEI 355769073028319, a product of China.

18 U.S.C. § 2251(a)
18 U.S.C. § 2

7

## COUNT FIVE
(Sexual Exploitation of a Child)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs One through Eleven, Fifteen, Sixteen, and Twenty of the General Allegations are realleged and specifically incorporated herein.

2. On or about July 4, 2015, in the District of Maryland, the defendant,

**FERNANDO CRISTANCHO,**

did knowingly employ, use, persuade, induce, entice and coerce a minor male to engage in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2), for the purpose of producing visual depictions of such conduct, and said visual depictions were produced using materials that were mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, that is, a series of five (5) image files, which depict Minor Victim 5, a prepubescent minor male, naked and partially naked, at least one of which is focused on Minor Victim 5's exposed genitals, as Minor Victim 5 is touching his penis with both hands, said image files having been stored on an iPhone 6s Al688, IMEI 355769073028319, a product of China.

18 U.S.C. § 2251(a)
18 U.S.C. § 2

**COUNT SIX**
(Sexual Exploitation of a Child)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs One through Eleven, Fifteen, Sixteen, and Twenty of the General Allegations are realleged and specifically incorporated herein.

2. On or about August 3, 2017, in the District of Maryland, the defendant,

**FERNANDO CRISTANCHO,**

did knowingly employ, use, persuade, induce, entice and coerce a minor male to engage in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2), for the purpose of producing visual depictions of such conduct, and said visual depictions were produced using materials that were mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, that is, two (2) image files and two (2) video files, which depict Minor Victim 5, a prepubescent minor male, naked, and are focused on Minor Victim 5's exposed genitals, said image and video files having been produced by and stored on an iPhone 6s Al688, IMEI 355769073028319, a product of China.

18 U.S.C. § 2251(a)
18 U.S.C. § 2

**COUNT SEVEN**
(Sexual Exploitation of a Child)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs One through Eleven, Fifteen, Sixteen, and Twenty of the General Allegations are realleged and specifically incorporated herein.

2. On or about August 6, 2017, in the District of Maryland, the defendant,

**FERNANDO CRISTANCHO,**

did knowingly employ, use, persuade, induce, entice and coerce a minor male to engage in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2), for the purpose of producing visual depictions of such conduct, and said visual depictions were produced using materials that were mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, that is, three (3) image files and three (3) video files, which depict Minor Victim 5, a prepubescent minor male, naked, and are focused on Minor Victim 5's exposed genitals, said image and video files having been produced by and stored on an iPhone 6s Al688, IMEI 355769073028319, a product of China.


18 U.S.C. § 2251(a)
18 U.S.C. § 2

## COUNT EIGHT
(Possession of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs One through Twenty of the General Allegations are realleged and specifically incorporated herein.

2. On or about September 19, 2017, in the District of Maryland, the defendant,

**FERNANDO CRISTANCHO,**

did knowingly possess and knowingly access with intent to view any book, magazine, periodical, film, videotape, computer disk, and any other material that contained an image of child pornography, as defined in Title 18 United States Code, Section 2256(8)(A), that had been mailed, shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, that is, the defendant possessed a SanDisk Micro SD card, S/N 3041DGPSQ17Y, a product of China, which contained one or more visual depictions of prepubescent minors engaged in sexually explicit conduct.

18 U.S.C. §§ 2252A(a)(5)(B) & 2256
18 U.S.C. § 2

## COUNT NINE
(Possession of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs One through Twenty of the General Allegations are realleged and specifically incorporated herein.

2. On or about September 19, 2017, in the District of Maryland, the defendant,

**FERNANDO CRISTANCHO,**

did knowingly possess and knowingly access with intent to view any book, magazine, periodical, film, videotape, computer disk, and any other material that contained an image of child pornography, as defined in Title 18 United States Code, Section 2256(8)(A), that had been mailed, shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, that is, the defendant possessed a Walgreens SD card, S/N BE0829213508D, a product of China, which contained one or more visual depictions of prepubescent minors engaged in sexually explicit conduct.

18 U.S.C. §§ 2252A(a)(5)(B) & 2256
18 U.S.C. § 2

## COUNT TEN
(Possession of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs One through Twenty of the General Allegations are realleged and specifically incorporated herein.

2. On or about September 19, 2017, in the District of Maryland, the defendant,

**FERNANDO CRISTANCHO,**

did knowingly possess and knowingly access with intent to view any book, magazine, periodical, film, videotape, computer disk, and any other material that contained an image of child pornography, as defined in Title 18 United States Code, Section 2256(8)(A), that had been mailed, shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, that is, the defendant possessed an iPhone 6s Al688, IMEI 355769073028319, a product of China, which contained one or more visual depictions of prepubescent minors engaged in sexually explicit conduct.

18 U.S.C. §§ 2252A(a)(5)(B) & 2256
18 U.S.C. § 2

## COUNT ELEVEN
(Possession of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs One through Twenty of the General Allegations are realleged and specifically incorporated herein.

2. From on or about July 4, 2015, through on or about September 19, 2017, in the District of Maryland, the defendant,

**FERNANDO CRISTANCHO,**

did knowingly possess and knowingly access with intent to view any book, magazine, periodical, film, videotape, computer disk, and any other material that contained an image of child pornography, as defined in Title 18 United States Code, Section 2256(8)(A), that had been mailed, shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, that is, the defendant did maintain a "Google" internet-based email and file storage account with the email address "fdocristancho@gmail.com," which account contained one or more visual depictions of prepubescent minors engaged in sexually explicit conduct.

18 U.S.C. §§ 2252A(a)(5)(B) & 2256
18 U.S.C. § 2

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. of Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. §§ 2253 and 2428, 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c) as a result of the defendant's conviction under any of the offenses set forth in Counts One through Eleven of this Indictment.

### Coercion and Enticement Forfeiture

2. Upon conviction of the offense in Count One of this Indictment, the defendant,

**FERNANDO CRISTANCHO,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 2428(a):

a. any interest in any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such violation; and

b. any property, real or personal, constituting or derived from any proceeds that such person obtained, directly or indirectly, as a result of such violation.

### Production and Possession of Child Pornography Forfeiture

3. Upon conviction of any of the offenses in Counts Two through Eleven of this Indictment, the defendant,

**FERNANDO CRISTANCHO,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 2253(a):

a. any visual depiction described in Title 18, United States Code, Sections, 2251, 2251A, 2252, or 2252A, 2252B, or 2260 or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, received or possessed in violation of Title 18, United States Code, Chapter 110;

b. any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

c. any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

## Property Subject to Forfeiture

4. The property to be forfeited includes, but is not limited to, the following:

   a. SanDisk Micro SD card, S/N 3041DGPSQ17Y; and

   b. Walgreens SD card, S/N BE0829213508D; and

   c. iPhone 6s, Model A1688, IMEI 355769073028319.

## Substitute Assets

5. If the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the Court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property that cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b) and 28 U.S.C. § 2461(c).

18 U.S.C. §§ 2253, 2428
21 U.S.C. § 853
28 U.S.C. § 2461

*Jonathan F. Lenzner* /
Jonathan F. Lenzner
Acting United States Attorney

A TRUE BILL

_____
Foreperson

Date: June\_\_\_\_, 2021

16